PRATT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

———————

IN THE MATTER OF THE FINAL JUDICIAL SETTLEMENT OF THE ACCOUNTS OF ABRAM BRETT AND FRANK H. BRETT, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF ROBERT WILLETT, DECEASED.

*Legacies — when they are covered by a clause of a will providing that the legacies given thereby shall increase or diminish according to the condition of the estate.*

A testator, by his will, provided as follows:

"I give and bequeath to Susan Ann Scott the joint note of herself and John E. Scott, her husband, together with all moneys which may be due thereon at the time of my death."

The testator also directed his executors to sell his household furniture and out of the proceeds to pay his funeral expenses, and the balance thereof to pay to the trustees of the First Methodist Episcopal Church of Matteawan. He also

directed that his real estate should be sold, and that a number of money legacies should be paid from the proceeds, and then further provided as follows:

" Should there be any residue after paying the legacies above provided for, I direct that the same be divided among the said legatees in the same proportion that their several legacies bear to each other, and in case the proceeds of the said sale of my property should prove insufficient for the payment of all of said legacies in full, then that the deficiency be borne by the said legatees in the same manner, except that the above legacies to the Highland Hospital and to Wilbur Charlock shall be paid without increase or diminution."

*Held,* that the gift of the note and the money due thereon to Susan A Scott, and the gift of the balance of the proceeds of the sale of the household furniture, were neither of them subject to the provisions of the clause of the will providing for an increase and diminution in the legacies, in case there should be a residue undisposed of or a deficiency in the estate of the testator.

APPEAL by Wesley Brett, upon questions of law and upon the facts, to the Supreme Court of the State of New York, from so much of the decree of the Surrogate's Court of the county of Dutchess, entered in the above-entitled matter on the 25th day of February, 1890, as orders, adjudges and decrees " that the executors, out of the balance found remaining in their hands, pay to the First Methodist Episcopal Church of Matteawan, for such uses as the ladies of the church may direct, the sum of $207.07; to Abraham Brett, as trustee, to dispose of the same so that the income thereof shall be applied to the payment of the expense of keeping the burial plot of the said decedent in repair, the sum of $262.24. To Susan Ann Scott the sum of fifteen hundred and seventy-eight $\frac{33}{100}$ dollars ($1,578.33); to Robert W. Scott the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars (2,496.05); to Wesley Brett the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Abraham Brett the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Charles F. Brett the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Frank H. Brett the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Augustus Brett the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Catharine L. Heroy the sum of twenty-four hundred and sixty-five $\frac{5}{100}$ dollars ($2,465.05), which, with the sum of thirty-one dollars heretofore received by her, will be in full for her legacy; to James W. Way the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05); to Emma Stotes-

bury the sum of twenty-four hundred and seventy-one $\frac{63}{100}$ dollars ($2,471.63), which, with the sum of twenty-four $\frac{42}{100}$ dollars heretofore received by her, will be in full of her legacy; to William Way the sum of twelve hundred and forty-eight $\frac{2}{100}$ dollars ($1,248.02); to the First Methodist Episcopal Church of Matteawan the sum of twelve hundred and forty-eight $\frac{2}{100}$ dollars ($1,248.02); and that the said executors retain in their hands the sum of twenty-four hundred and ninety-six $\frac{5}{100}$ dollars ($2,496.05), being the amount of the legacy of William A. Lawrence, an infant, until the further order of the surrogate."

The testator died leaving a last will and testament containing, among other things, the following provisions:

*First.* I direct that all my just and lawful debts shall be paid and discharged.

*Second.* I do hereby direct my executors, hereinafter appointed, to sell and dispose of all my household furniture, and out of the proceeds of such sale to pay my funeral expenses, including the cost of the necessary inscription to be placed upon my family monument already erected, and the balance of the proceeds of such sale of my furniture I direct my said executors to pay over immediately to the persons who at the time shall be, respectively, the directress and the treasurer of the Ladies' Aid Society of the First Methodist Episcopal Church of Matteawan, N. Y., to be taken and held and used by said persons jointly, and by their successors, for such purposes as the members of said society shall direct; and in default of persons designated as above, I direct that said balance shall be paid by my executors to the trustees of the said First Methodist Episcopal Church of Matteawan, N. Y., to be applied by them, and their successors in office, to such uses as the ladies of the congregation of said church shall direct.

*Third.* I give and bequeath to Susan Ann Scott the joint note of herself and John E. Scott, her husband, together with all moneys which may be due thereon at the time of my death.

*Fourth.* I direct my executors, hereinafter named, to sell and dispose of all the rest, residue and remainder of my estate, as well real estate as personal property, and out of the proceeds,—

(Here followed bequests of a number of legacies of money to several parties.)

I direct that my executor, Abraham Brett, shall retain out of said proceeds the sum of one hundred dollars, and I request him so to dispose of the same that the income thereof shall be applied to the payment of the expense of keeping my burial plot in repair, and that he provide for the continuance of said fund after his death.

Should there be any residue after paying the legacies above provided for, I direct that the same be divided among the said legatees in the same proportion that their several legacies bear to each other, and in case the proceeds of the said sale of my property should prove insufficient for the payment of all of said legacies in full, then that the deficiency be borne by the said legatees in the same manner, except that the above legacies to the Highland Hospital and to Wilber Charlock shall be paid without increase or diminution.

*S. K. Phillips*, for the appellant, Wesley Brett.

*Wm. R. Woodin*, for the respondent, Susan A. Scott.

BARNARD, P. J.:

The bequest of the note to Susan A. Scott, which was described in the will as "the joint note of herself and John E. Scott, her husband, together with all moneys which may be due thereon, at the time of my death," was a specific bequest. The language of the will distinguished the thing given from all others of the same kind. By the construction of the will it is excluded from any abatement, on account of an insufficiency of property to pay other legacies in full. By the second clause of the will the testator directed the sale of his household furniture, and to apply the proceeds to the payment of the funeral expenses, and the balance remaining was to be paid to the First Methodist Episcopal Church of Matteawan absolutely. By the third clause of the will the note in question was given, and by the fourth clause the rest, residue and remainder was applied to the payment of certain legacies therein given. The will provides that if there is any residue it shall be divided among "the said legatees in the same proportion that the several legacies bore to each other," and that a deficiency, if the "sale of my property should prove insufficient for the payment of all said legacies in full," should be borne in like manner; under this clause of the will the note could not be abated and was not embraced

with the legacies payable out of the residue of the estate, after its withdrawal from the estate.

The same conclusion must be realized as to the gift of the balance of moneys realized from the sale of the household furniture of the testator, and given to the Methodist Episcopal Church under the second clause in the will. The church was given a part of the proceeds of certain definite property, and was intended to be wholly separate from his scheme for the distribution of the surplus of this balance of the estate, as affected by the fourth clause of the will. That clause created a class of legacies to be paid out of the residue of the estate, and it is only to this class that the excess was to go in proportion to the legacies. The decree of the surrogate should, therefore, be modified so as to exclude the church under the second clause of the will, and Susan A. Scott under the third clause of the will, from participation in the excess of the estate, over and above payments of the legacies in the fourth clause of the will.

PRATT, J., concurred.

Part of decree appealed from reversed and decree of surrogate modified so as to exclude the Methodist Episcopal Church under second clause of will, and Susan A. Scott under third clause, from participation in excess over payment of legacies in fourth clause. Costs of all parties out of the estate.