(122 App. Div. 605.)

# In re MATTHEWS et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. WILLS—LEGACIES—ABATEMENT—GENERAL ASSETS—INSUFFICIENCY.

Testatrix, after bequeathing certain general legacies, directed the sale of her real estate, providing that one-half of the proceeds should be paid to her daughter, or to her surviving child or children, and that the balance should be retained by the executors in trust to pay the income to testatrix's son for life, remainder to the daughter, or, in the event of her death, to her surviving child or children. *Held*, that the bequest of the proceeds of the real estate was in the nature of a specific legacy, and that, the other assets being insufficient to pay debts and expenses of administration, the general legatees were not entitled to share in the proceeds of the sale of the real estate, under the rule that, where the personal property is not sufficient to pay debts and specific legacies, the general legatees must lose their legacies.

2. SAME—"SPECIFIC LEGACIES"—DEFINITION.

A specific legacy is a gift by will of a specific article, or part of testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing bequeathed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1939.]

Appeal from Surrogate's Court.

Judicial settlement of the accounts of Rosie Matthews, executrix, and Hyman Levi, executor of the estate of Sarah Waters, deceased. From a surrogate's decree of distribution, Rosie Matthews, a legatee, appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

David S. Myers, for appellant.
Philip Waters, for respondent.

McLAUGHLIN, J. Sarah Waters died on the 20th of May, 1905, leaving a last will and testament, executed a little over two years before her death, which was, on the 22d of June following, admitted to probate, and letters testamentary issued to the executors therein named; the accounting parties in this proceeding. Mrs. Waters by her will first directed that her debts and funeral expenses be paid, and then she gave the sum of $300 each to the Montefiore Home for Chronic Invalids, Beth Israel and Mt. Sinai Hospitals in the city of New York, and then gave to her nephew, Philip Waters, $1,000. In the sixth clause of her will she directed her executors to sell, at public or private sale, as soon as possible after her death, her real estate located at 68 Mott street, in the city of New York (which was all the real estate she had), and for that purpose she authorized and empowered them to make, execute, and deliver all necessary and proper papers. What she desired done with the proceeds derived from such sale is best stated in the language used by her in this clause of her will, viz.:

"Upon said sale of my said real estate I order and direct my said executors or the survivor of them to pay, out of the net proceeds of such sale, one-half thereof to my daughter Rosie Matthews, or in the event of her death at or before the said sale, to the surviving child or children of my said daugh-

ter. The balance of the remaining one-half of the net proceeds of said sale, I give, bequeath and devise to my said executors, or the survivors of them, in trust, to invest the same as they or the survivor of them deem prudent and to pay over the net income or revenue arising therefrom to my son Hymen Waters during his lifetime. Upon the death of my said son Hymen Waters, I direct and order my said executors or the survivor of them to pay over the whole principal of the sum so invested to my daughter Rosie Matthews, or in the event of her death before said Hymen Waters to her surviving child or children."

The executors, as directed, sold the real estate, and a substantial amount was realized therefrom. The entire personal estate of which the testatrix died possessed being insufficient in amount to pay the funeral and administration expenses and her debts, resort for that purpose was necessarily had to a portion of the proceeds derived from the sale of the real estate. There still remains, from such proceeds, in the hands of the executors for distribution, more than sufficient to pay the bequests to the several hospitals named and the nephew, Philip Waters. These legatees claim that the proceeds, or so much thereof as is necessary for the payment of their respective legacies, are applicable to their payment. The daughter, Rosie Matthews, claims that none of the proceeds is applicable to the payment of such legacies or any of them. The learned surrogate held that the proceeds of the sale of the real estate in the hands of the executors for distribution resulted from the exercise of a mandatory power of sale, and therefore such proceeds were available for the purpose of paying such legacies. It is from this portion of the decree that the appeal is taken.

The gifts to the nephew and the several hospitals are general legacies, not amounting to a bequest of a particular thing, or money, or of a particular fund designated from all others of the same kind. Crawford v. McCarthy, 159 N. Y. 514, 54 N. E. 277. This, however, is not true of the bequests contained in the sixth clause of the will. That clause, it is true, contains a mandatory power of sale; but this is for a specific and definite purpose, clearly expressed in the same clause that gives the power. That purpose was to produce a specific fund for the sole benefit of the daughter and son of the testatrix, and the executors were directed to divide the same between them in the manner there set out. The intent of the testatrix in this respect is clearly expressed, and cannot be misunderstood, if effect be given to the language used by her. The gift of the proceeds of the sale of the real estate is a specific bequest. It comes squarely within the definition of a specific legacy, which has been defined as:

"A gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing." 18 Am. & Eng. Enc. of Law (2d Ed.) p. 714; Crawford v. McCarthy, 159 N. Y. 519, 54 N. E. 277.

Had the real estate been given, instead of the proceeds, no one, I take it, would seriously contend that the other legatees could compel a sale for the payment of their legacies. The fact that she directed a sale, and the net proceeds to be divided, in no way changed the situation. The proceeds of a sale of specified property, which is di-

rected by the will to be sold, is just as much a specific legacy as if the property itself had been given. Crawford v. McCarthy, 159 N. Y. 519, 54 N. E. 277; Matter of Brett, 57 Hun, 400, 10 N. Y. Supp. 871; Boston Safe Dep. & Trust Co. v. Plummer, 142 Mass. 257, 8 N. E. 51.

If the foregoing views be correct, then the legacies bequeathed to the several institutions and the nephew referred to must fail of payment, there being a deficiency of assets with which to pay the same in whole or in part, because a specific legacy is not subject to abatement with general legacies on a deficiency of assets (Toch v. Toch, 81 Hun, 410, 30 N. Y. Supp. 1003); or, in other words, as between specific and general legacies, where the personal property is not sufficient to pay the debts and the specific legacies, the general legatees must lose their legacies (Wallace v. Wallace, 23 N. H. 149; Code Civ. Proc. § 2721).

The decree, in so far as appealed from, is reversed, and the matter remitted to the Surrogate's Court to enter a decree in accordance with this opinion. All concur.