CORNELL v. VAN WORMER et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. WILLS (§ 441*)—CONSTRUCTION.

In construing a will and ascertaining testator's intent, the situation must be taken as it existed when the will was made.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 958; Dec. Dig. § 441.*]

2. WILLS (§ 832*)—CONSTRUCTION.

After directing the payment of his debts and funeral expenses out of his estate, and providing for the erection of two monuments and the care of a cemetery lot, testator gave his wife all his household furniture, watches, jewelry, personal belongings, library, and his dwelling house and lot, "and also all moneys that I may have in banks or loaned out on notes or otherwise at the time of my decease, to be hers and her assigns forever, except the sum of $2,500, or so much thereof, or as much more as may be necessary, to pay all my funeral expenses, debts, expenses of administration and erect the monuments and provide for the perpetual care of my cemetery lot, as hereinbefore provided." He then gave the remainder of his estate in trust to his executors, to collect the income therefrom and pay it to his wife for life, with remainder over. A subsequent clause stated that the object of the will was to amply provide for the comfortable maintenance of his wife during her lifetime, and to distribute the residue of the estate so as not to in any way interfere with the management or business of a certain corporation in which he was a stockholder. *Held*, that testator did not intend to charge his debts and funeral and other expenses on the house and lot, or on the household furniture, etc., it appearing that the entire value thereof would be required to pay such debts, etc., but only on the moneys in bank, etc.; the provision as to the corporation not interfering with such construction, since the sale of the few shares of stock necessary would not affect the business of the corporation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2151; Dec. Dig. § 832.*]

Appeal from Trial Term, Washington County.

Action by John W. Cornell against Rodney Van Wormer and Charles T. Beach, as executors, etc., and others. From an interlocutory judgment, defendants Van Wormer and Beach appeal. Affirmed.

The action is one for partition. It is alleged in the complaint that Sarah M. Van Wormer was at the time of her death on October 18, 1908, seised in fee and in possession of the premises which are the subject of the action. She received the same under the will of her husband, Francis M. Van Wormer, who died September 25, 1907. The claim is made by the appellants that under such will the premises in question are chargeable with the debts, funeral expenses, expenses of administration, and cemetery charges of the testator. Under such will he first directs that all of his just debts and funeral expenses be paid by his executors out of his estate. He then provides for two monuments and the care of a cemetery lot. Then follows this clause:

"Fifth. I give, devise, and bequeath to my beloved wife, Sarah M. Van Wormer, all of my household furniture, watches, jewelry, personal belongings, library and the dwelling house and lot, situate at No. 78 Main Street, Sandy Hill, N. Y., and also all moneys that I may have in banks or loaned out on notes or otherwise at the time of my decease, to be hers and her heirs and assigns forever, except the sum of two thousand five hundred dollars ($2,500) or so much thereof or as much more as may be necessary to pay all my funeral expenses, debts, expenses of administration of my estate and erect the monuments and markers and provide for the perpetual care of my cemetery lot, as hereinbefore provided."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He then gives all the remainder of his estate in trust to his executors, to collect the income therefrom and pay it to his wife for life, and upon her death it is given to certain of his relatives, excepting a small bequest to a church society. His estate consisted of the house and lot in question, having a value, over a small mortgage thereon, of about $4,000; 25 shares of Imperial Wall Paper Company stock, valued at $2,675; 674 shares of stock of the Sandy Hill Iron & Brass Works, valued at $67,400; and other personal property, valued at $3,817.23, exclusive of household effects, clothing, and watch. The claims against the estate, including funeral expenses and expenses of administration, were a little over $7,000, and the amount required to provide for the monuments mentioned in the will and for perpetual care of cemetery lot amounted to about $1,800, making the total of charges against the estate a little over $8,800.

The court on the trial found that the debts, funeral expenses, expenses of administration and cemetery charges were not charged on the real estate, and decreed its sale and a division of the proceeds thereof. The executors of Francis M. Van Wormer have appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Bratt & Van Wormer, for appellants.

W. E. Young and J. A. Kellogg, for respondent.

CHESTER, J. The devise in the fifth clause of the will of the house and lot which is the subject of this action appears to be separate and distinct from the bequests of the personal property thereafter given in such clause, except as these two are joined by the conjunction "and." The devise of the real estate is of an absolute estate in fee. Then follow the words:

"And also all moneys that I may have in banks or loaned out on notes or otherwise at the time of my decease, to be hers and her heirs and assigns forever, except the sum of two thousand five hundred dollars ($2,500) or so much thereof or as much more as may be necessary to pay all my funeral expenses, debts, expenses of administration of my estate and erecting the monuments and markers and provide for the perpetual care of my cemetery lot, as hereinbefore provided."

I think the testator intended by this language to subject the money he had in bank and the moneys due him on notes or otherwise to the payment of the matters mentioned after the word "except," and to give his wife the surplus, if any, remaining, and that he did not intend to charge these matters upon the dwelling house and lot, or upon the household furniture, watches, jewelry, personal belongings, and library, which he had by the first clause of the item given to her. In construing the will, and in finding the intent of the testator, we must take the situation as it existed when the will was made. If the debts and funeral expenses are to be charged upon the house, as well as upon the moneys in bank and the moneys loaned out on notes, it is apparent, from the amount of the debts, that the entire value of the house will be required. It would hardly seem probable that the testator would go through the form of making a devise of his dwelling house to his wife absolutely, and in the same item of the will charge it with the payment of debts sufficient in amount to take it away from her, especially where he had a large personal estate invested in the stock of the companies in which he was interested. This construction appears to be in harmony with the testator's intention as expressed in the ninth

clause of the will, where he says the object of this will "is to amply provide for the comfortable maintenance of my wife during her lifetime." It cannot be that he supposed that a comfortable maintenance for his wife could be promoted by having the dwelling house which he had given her taken for the payment of his debts, and she left without a home, when he had ample personal estate to pay all his debts and the other charges mentioned.

It is urged, however, that in the ninth clause referred to the testator also stated that the object of his will was to distribute the residue of his estate in such manner as not to incumber, injure, or any way interfere with the Sandy Hill Iron & Brass Works, or the management or business thereof. In his will he had provided for the distribution of the stock of these works among various beneficiaries, and had expressed a desire that, if it could be satisfactorily arranged by the executors with the legatees, the shares of stock of these works should be held by them in trust for a period of five years after the death of his wife, paying the income during that time to the several legatees in proportion to the number of shares bequeathed to them. I am unable to see how the payment of the portion of the debts and other charges remaining, after applying the moneys in bank and the moneys due on notes, out of his other personal estate, including these shares, could materially interfere with the management or business of these works. It would simply take from the legatees of these shares a very small proportion of their legacies, and would not in any manner interfere with the business. I think the intention is clear, from the will and the surrounding circumstances, that the testator desired his debts, funeral expenses, expenses of administration, and the amount required to provide the monuments and care of cemetery lot to be taken out of his moneys in bank and out of the amounts due him upon notes, and, if these were not sufficient, that the ordinary rule of law should apply, and the debts and expenses remaining should be paid out of his other personal property.

The interlocutory judgment should be affirmed, with costs. All concur.