In the Matter of the Estate of FRANK CROUSE, Deceased. MINERVA E. CROUSE, Appellant; LEO F. CROUSE et al., Respondents.

**Will — decedent's estate — estoppel — mere enumeration of specific articles in residuary clause does not make bequest specific as to such — when general legacy to wife not supplanted by mention of specific articles in residuary clause — widow's exemptions, Surrogate's Court Act, § 200 — estoppel of widow, by acceptance of enumerated articles in lieu of her interest in household effects, from asserting claim to other articles — entitled to allowance of money or other personal property not exceeding one hundred and fifty dollars.**

1. The mere enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles. The intention of the testator as expressed by the language of the will, read as a whole, should prevail over artificial rules of construction expressed in general terms.

2. Where testator, by his will, gave specified articles to his son, a stated sum to his wife and the residue of his estate to his grandson, subject, however, to the right of his son to use " farming implements,

horses, harness " and an interest in a dairy as long as he continued to farm, and an inventory of the estate shows that the residue and the enumerated articles are practically the same, the arrangement does not suggest that testator intended by the mention of specific articles in the residuary clause to supplant the legacy to his wife. The general legacy to the wife plainly was to come first.

3. Where the widow has agreed in writing with the executor to take and accept certain enumerated articles " in lieu and in full of all interest in and to the property of said Frank Crouse at the date of his decease in the form of any household furniture and household effects of said decedent," and no advantage was taken of her, she is estopped from asserting her claim to further articles she would have been entitled to under subdivision 1 of section 200 of the Surrogate's Court Act, relating to widow's exemptions. She is, however, entitled, under subdivision 4, to money or other personal property not exceeding in value one hundred and fifty dollars, where there is " other " property of that value available.

*Matter of Crouse*, 215 App. Div. 736, reversed.

(Argued January 20, 1927; decided February 23, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 23, 1925, which affirmed a decree of the Montgomery County Surrogate's Court directing distribution of the estate of Frank Crouse, deceased.

*Edward R. Hall* and *George H. Hall* for appellant. The gift to respondents is residuary and must defer to the payment of the legacy of $1,000 to petitioner. (*Crawford* v. *McCarthy*, 159 N. Y. 514; *McCorn* v. *McCorn*, 100 N. Y. 511; *Matter of Matthews*, 122 App. Div. 605; Redfield's Law and Practice [6th ed.], 633, § 758; *Matter of Sargent*, 215 App. Div. 639; *Bliven* v. *Seymour*, 88 N. Y. 469.) The legacy of $1,000 to petitioner cannot be cut down by an alleged inconsistent provision in the residuary clause. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Adams* v. *Massey*, 184 N. Y. 62; *Tillman* v. *Ogren*, 227 N. Y. 495.) Respondents were not given specific legacies under the fourth paragraph in the will. (*Tifft* v. *Porter*,

8 N. Y. 516; *Matter of Reynolds,* 124 N. Y. 388; *Matter of Sargent,* 215 App. Div. 639; *Le Rougetel* v. *Mann,* 63 N. H. 472; *Pierrepont* v. *Edwards,* 25 N. Y. 128.)

*George C. Butler* for respondents. The gift to the grandson, Leo Crouse, of the personal property mentioned in the fourth paragraph of the will is a specific legacy, it being a bequest of a particular thing. (*Matter of Reynolds,* 124 N. Y. 388; *Matter of Lowe,* 149 App. Div. 347; *Matter of Matthews,* 122 App. Div. 605; *Trust Co.* v. *Plummer,* 142 Mass. 257; *Matter of Delaney's Will,* 133 App. Div. 409; *Getman* v. *McMahon,* 50 Hun, 531; *Crawford* v. *McCarthy,* 159 N. Y. 514.) The fact that the specific bequest is contained in the residuary clause of the will makes it no less a specific bequest. (*Matter of Reynolds,* 124 N. Y. 388.) The bequest of $1,000 to petitioner is a general legacy and must fail of payment as there is not sufficient property with which to pay the same, because a specific legacy is not subject to abatement with general legacies on a deficiency of assets. (*Toch* v. *Toch,* 81 Hun, 410; *Wallace* v. *Wallace,* 23 N. H. 149; *Humphrey* v. *Robinson,* 52 Hun, 200.) The agreement between petitioner and Raymond Crouse, executor, is valid and binding upon petitioner. (*Matter of Campbell's Estate,* 48 Misc. Rep. 278; *Manufacturers & Traders' Bank* v. *Hazard,* 30 N. Y. 226.)

POUND, J. Small causes establish great principles but no great principle is to be established in this contest over the meager estate of a tenant farmer. The only question is whether the testator so expressed his intention to make provision for his wife, son and grandson that the law can determine such intention and apply well-known rules to give it legal effect. The right to litigate is common to rich and poor but a disposition to adjust family differences without litigation, although resulting is mutual sacrifices of asserted legal rights, might have

kept this controversy out of the courts. It is now before us, however, and if the litigants lose, the law is enriched by another precedent.

Frank Crouse on January 22, 1921, made and executed his last will and testament. He died April 2, 1923. His will was admitted to probate in the Surrogate's Court of Montgomery county. The general inventory of his estate totaled the sum of $3,861.75. He left a wife, Minerva, sixty years of age; a son, Raymond, thirty-five years of age, and a grandson, Leo, five years of age. By his will he first bequeathed his automobile and his tractor, which are inventoried at $700, to his son; he then gave his wife " the sum of One Thousand Dollars; " he then provided as follows:

" *Fourth:* All the rest, residue and remainder of my estate of every name and nature, both real and personal, I hereby give, devise and bequeath to my grandson Leo Frank Crouse, son of my said son Raymond Crouse, to be paid and delivered to him upon his becoming twenty-one years of age, subject, however, to the right of my said son Raymond Crouse, to have the use of all my farming implements, horses, harness and the use and income from the undivided one-half interest in the dairy of cows on the farm now occupied by me belonging to Earl Bellinger. But upon my said son Raymond ceasing to farm, said personal property shall be sold by my executor and the proceeds thereof invested and paid to my said grandson Leo, upon his arriving at the age of twenty-one years."

Outside of the farming equipment, the automobile and household furniture, testator had no property when he died. The courts below have found that the legacy of $1,000 to the wife was wholly abated. They agree that the proper rule to apply is that, in the absence of an indicated intent to the contrary as to the order of abatement, a bequest of a residuum abates before general legacies while general legacies yield to specific legacies.

(*Crawford* v. *McCarthy*, 159 N. Y. 514; *McCorn* v. *McCorn*, 100 N. Y. 511, 514.) They have found an indicated intent to the contrary in this instance in the language of the residuary clause which mentions specific articles and have read therein a specific bequest of such articles to the son Raymond. Because the residue and the enumerated articles are practically the same it has been held that the wife takes nothing. But the mere enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles, although the gift may be regarded as specific if the articles are so named as to distinguish them from the residue, as by the words "together with," "as well as" and "also" or the like. (*Le Rougetel* v. *Mann*, 63 N. H. 472; *Matter of Kemp's Estate*, 169 Mich. 578.) The intention of the testator as expressed by the language of the will, read as a whole, should, however, prevail over artificial rules of construction expressed in general terms.

It is doubtful whether testator fully apprehended the distinction between specific and general legacies or the complications that would arise in the administration of his estate, but the use of the word "residue" significantly suggests that he had in mind something which might remain after paying his wife her legacy.

Looking at the facts in the aspect most favorable to the son, it appears that testator did not intend to bequeath the articles enumerated in the residuary clause except for the use of his son until he ceased to farm. If the son ceased to farm, which he might do to-morrow, the articles were then to be sold and to become a part of the residuary estate. The testator, after providing for his wife, evidently desired to make provision for his son to carry on the farm if he so desired with what was left of the estate. This arrangement does not suggest that he intended by the mention of specific articles in the residuary clause to supplant the legacy to his wife. The creation of a residue which shall include and not exclude

the farming equipment is clearly expressed. The general legacy to the wife plainly was to come first. Otherwise we would say that either the testator or the law mocked the widow with a mere polite phrase, not having or intended to have any efficacy.

Further questions arise under section 200 of the Surrogate's Court Act in relation to the widow's exemptions. Under subdivision 1 she is entitled to " all housekeeping utensils, musical instruments, sewing machine and household furniture used in and about the house and premises, fuel and provisions, and the clothing of the deceased, in all not exceeding in value five hundred dollars." She agreed in writing with the executor to take and accept certain enumerated articles " in lieu and in full of all interest in and to the property of said Frank Crouse at the date of his decease *in the form of any household furniture and household effects* of said decedent." The enumerated articles were less than $500 in value and did not include all the articles enumerated in section 200, subdivision 1. But she voluntarily relinquished her right, which the law implies that she knew, to the larger exemption. She has, therefore, elected to dispense with that which at her option she might have demanded or insisted upon, and she may not now insist thereon. As no advantage was taken of her, her conduct will estop her from asserting her claim to further articles under subdivision 1 after the executor has taken them and included them in the inventory. (*Cowenhoven* v. *Ball,* 118 N. Y. 231, 234.)

Under section 200, subdivision 3, the widow is entitled to domestic animals with their necessary food for sixty days, not exceeding in value one hundred and fifty dollars, and under subdivision 4 to money or other personal property not exceeding in value one hundred and fifty dollars. She has had set off to her under subdivision 3 " an interest in the undivided live stock to the extent of $150," but she has had no allowance under subdivision 4, although there is " other personal

property " to the value of $150 available therefor. Section 200 provides that " no allowance shall be made in money or other property under subdivisions one, two and three if the articles mentioned therein do not exist." The allowance under subdivision 3 has not been questioned by the executor. An allowance under subdivision 4 should also be made.

The decree of the Surrogate's Court and the order of the Appellate Division should be reversed, with costs in all courts, payable out of the estate, and the matter remitted to the Surrogate's Court for final action in accordance with this opinion.

CARDOZO, Ch. J., CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.