In the Matter of the Will of Annie Link, Deceased.

Surrogate's Court, New York County, December 22, 1943.

*Edwin C. Mulligan* for Thomas J. Tobin and another, petitioners.

*Joseph A. Beehan, Benjamin H. Trask* and *William E. Beehan* for Edith L. Salter, respondent.

FOLEY, S. In this accounting by the executors of the estate a controversy has arisen as to whether the legacies under the will are general or specific. The testatrix made her will on September 24, 1933, four days before she died. After directing the payment of her debts and funeral expenses, she bequeathed her entire estate to two individuals, her friend, Claudine Tobin, and her niece, Edith L. Salter. The dispositive provisions read as follows:

" SECOND: I give and bequeath to my friend, Claudine Tobin, of No. 46 West 74th Street, New York City, all my jewelry, personal ornaments, wearing apparel, household furniture, furnishings and belongings, of every kind and nature and wheresoever situate, to her own use, absolutely.

" THIRD: I give and bequeath to my friend Claudine Tobin, all stocks, bonds and investments of any kind or name which have been made by or for me personally, and all deposits and bank accounts in my own name or held for me personally, to her own use, absolutely.

" FOURTH: All the rest, residue and remainder of my estate, wheresoever situate, including all income or interest in the estate of my deceased husband, Bernard Link, to my beloved niece, Edith L. Salter, of Haynes Farm, Partridge Green, Sussex, England, to her own use, absolutely."

It is conceded that the gift of the jewelry and other personal effects bequeathed under paragraph second of the will is specific. Conflicting contentions are made as to the nature of the gifts under paragraphs third and fourth. It is claimed on behalf of Claudine Tobin that the gift to her under paragraph third is also specific and that paragraph fourth contains a general residuary legacy to Edith L. Salter of all other property of the testatrix not specifically bequeathed by paragraphs second and third. A contrary construction is urged by the residuary legatee who asserts that paragraph third is a general legacy, and that the gift of " all income or interest " in the estate of the deceased husband of the testatrix under paragraph fourth is a specific legacy.

I find no merit in the contention of the residuary legatee as to paragraph third. The bequest under that provision is unquestionably specific. It is a bequest of a specified part of the personal estate of the testatrix distinguished from all other property possessed by her. (*Matter of Sanborn,* 180 Misc. 122, and cases cited therein.)

As to the gift of the "income or interest " under paragraph fourth, the question might appear more controversial. Ordinarily a residuary clause carries with it all property not previously disposed of either generally or specifically. Nor will the mere enumeration of specific articles in a residuary clause make the bequest specific as to such articles. (*Matter of Crouse,* 244 N. Y. 400.) However, a careful consideration of the language of the will, the nature of the property bequeathed, the relations of the parties and the circumstances surrounding its execution leads to the conclusion that the gift of such income and interest was specific. " It is the intention of a testator, as gathered from his entire will, which determines whether a legacy be general or specific." (*Matter of Security Trust Co.,* 221 N. Y. 213.)

The importance of the question arises from the rule that debts and administration expenses are primarily payable out of the general residuary estate. If the assets of such general residuary estate are not sufficient for their payment, resort must be had to the specific legacies. Each legatee here, therefore, seeks a construction which in effect would require the other.to bear the greater burden of such payments.

In the probate proceeding a bitter and protracted litigation took place in this court, in the Appellate Division and in the Court of Appeals. (*Matter of Link,* 243 App. Div. 416, affd. 268 N. Y. 697.) Ultimately the will of the testatrix was admitted

to probate. In connection with that litigation considerable expense was incurred. The attorney for the executor here is the same person who was the attorney for the proponents of the will in the probate contest. In that proceeding he took the position that the legacy of the " income and interest " payable by the estate of the deceased husband of the testatrix was indisputably a specific legacy. He was the draftsman of the will. In the Appellate Division he argued: " \* \* \* it cannot be laid down as a fact that this bequest of all the Barney Link ' income and interest ' was primarily subject to expenses of administration and the commissions of executors. The contestants speak indiscriminately throughout of the ' residuary legatee ' ignoring the fact that the bequest of the Barney Link interest is distinguished from and over and above the bequest of the residuary estate. It is a particular fund and its nature and description are clear and the gift could not be solved (sic) by any other property indiscriminately in the possession of her estate. Under these circumstances it was obvious that this is a specific legacy. (*Matter of Anable,* 139 Misc. 914, 918; *Matter of Crouse,* 244 N. Y. 400.) "

Though the argument then made may not be deemed to be controlling upon any determination here, it nevertheless indicates clearly the construction which the draftsman himself placed upon it. His present contention is now strained to meet the exigencies of the situation, and particularly to unload a large part of the expenses of administration upon the residuary legatee in her capacity as a specific legatee.

It should be noted that Claudine Tobin received, under paragraphs second and third of the will, by far the greater portion of the assets left by the testatrix, exceeding in value four fifths of her estate. Her estate approximated $200,000. The only legatees under her will were her " friend," Claudine Tobin and her " beloved niece," Edith L. Salter. Between them she intended to divide her entire estate. To her friend, Claudine Tobin, she bequeathed, by specific enumeration in paragraphs second and third of her will, almost every conceivable item of property which she possessed, to wit, her jewelry, her personal effects, her bank accounts, her bonds and her securities. Virtually all that remained the subject of disposition under the residuary paragraph was the " income or interest " due the testatrix from the estate of her deceased husband, a fund which amounted to about $24,000, and a claim for monies loaned by her on which suit was brought by the executors and a sum of some $6,000 recovered.

The words " including all income or interest in the estate of my deceased husband, Bernard Link " may not be disregarded as mere surplusage. Proper significance should be attached to the use of them. It must be presumed that the testatrix intended thereby to confer a substantial benefit upon the residuary legatee. (Davids' New York Law of Wills, p. 1250; *McGoldrick* v. *Bodkin,* 140 App. Div. 196, 199; *Cornell* v. *Van Wormer,* 134 App. Div. 767, 770; *Stimson* v. *Vroman,* 99 N. Y. 74, 80.) The court should not adopt an interpretation that would charge a bequest with the payment of debts and administration expenses so as virtually to annul a gift to a relative of the blood where it appears that the testatrix left a large personal estate to a stranger to the blood. Having in mind that the residuary legatee was a person the testatrix described as her " beloved niece," a relative of the blood, it is inconceivable that she intended to make a purely illusory gift to her. (*Stimson* v. *Vroman, supra.*) The only reasonable inference, therefore, to be drawn from the words of inclusion in paragraph fourth is that the testatrix intended the gift of the " income or interest " from her husband's estate to be specific. It is supported by the authorities. (*Matter of Crouse,* 244 N. Y. 400, *supra; In re Billington's Estate,* 14 N. Y. S. 2d 213; *Estate of Broshinsky,* N. Y. L. J., Nov. 20, 1933, p. 1863, col. 3; *Koehl* v. *Haase,* 125 N. J. Eq. 567, revd. on another point in 126 N. J. Eq. 222.)

In *Matter of Crouse* (*supra,* p. 404) Judge POUND stated the applicable rule as follows: " But the mere enumeration of specific articles in a residuary clause will not make the bequest specific as to such articles, although the gift may be regarded as specific if the articles are so named as to distinguish them from the residue, as by the words ' together with,' ' as well as ' and ' also ' or the like. (*Le Rougetel* v. *Mann,* 63 N. H. 472; *Matter of Kemp's Estate,* 169 Mich. 578.) The intention of the testator as expressed by the language of the will, read as a whole, should, however, prevail over artificial rules of construction expressed in general terms."

The word " including " as used by the testatrix here must be held to have the same meaning and effect as the words " together with," " as well as " and " also ". It was used as a word of enlargement (*Matter of Goetz,* 71 App. Div. 272) and implies that something else was intended to be given to the legatee in addition to the general residue of the estate. I hold, therefore, that the gift of the " income or interest " in the estate of the deceased husband of the testatrix was a specific legacy to Edith

L. Salter of that particular fund. The remaining part of the legacy under paragraph fourth is, of course, a general legacy.

To the extent necessary, therefore, for the payment of the debts and administration expenses out of the estate, all of the legacies herein held to be specific must abate proportionately.

Submit decree on notice construing the will and settling the account accordingly.