In the Matter of the Will of Josie G. Cashin, Deceased.

Surrogate's Court, Westchester County, March 7, 1944.

*Seacord, Ritchie & Young* for Walter H. Young, as executor, petitioner.

GRIFFITHS, S. The above-named decedent died a resident of this county on July 14, 1943. Her last will and testament was admitted to probate by decree of this court dated January 27, 1944. A request, by the named executor to whom letters testamentary have since issued, for a construction of paragraphs " Second " and " Third " thereof was reserved for future determination.

Following a direction for the payment of debts and funeral expenses, the testatrix, by paragraph " Second " of her will, devised and bequeathed her entire residuary estate to her sister, Mary Cashin. Mary Cashin died within a few hours after the death of the testatrix. It is therefore necessary that the court determine whether the residuary estate passes to Mary Cashin under paragraph " Second " of the will, or to others, under paragraph " Third " thereof, the provisions of which, insofar as here pertinent, read as follows: " THIRD: — Should my sister predecease me, or should we die at the same time, or as a result of the same accident or disaster, or during a joint last illness, or under such circumstances that the order of our deaths could not be ascertained, then and in any of such events, I dispose of and direct the distribution of my residuary estate in the following manner: — ". Here follow provisions for a trust for perpetual care of a family cemetery plot and for a number of pecuniary bequests to individuals, and to charities. The residuary estate is given to two named friends, or the survivor.

It appears that the above-named decedent died during the afternoon of July 14, 1943, and her sister, Mary Cashin, died approximately five and one-half hours later. The testatrix, at the time of her death, was seventy-six years of age and her sister, eighty-one. They were unmarried and resided together. Their wills were dated one day apart, executed approximately about four years prior to their deaths. Following a direction for the payment of debts and funeral expenses, each left all her property to the other. Each will contained a substitutionary clause, the language of which is identical and which, insofar as here material, has been above quoted. Although the same persons are named as residuary beneficiaries under both wills, by a determination that paragraph " Third " of the will of Josie Gertrude Cashin is operative, certain of the general lega-

tees under her will would share at the expense of the residuary beneficiaries under the will of Mary Cashin.

It appears from the death certificates submitted herein that the immediate cause of death of Josie Gertrude Cashin was a general carcinomatosis, and that Mary Cashin died of pneumonia as the result of shock from a hip fracture. Although it does not appear which illness first commenced, it is probable that the carcinoma preceded the pneumonia.

Effect is given to a testamentary direction that a legatee shall be deemed to have survived the testator if death resulted from a common disaster (*Matter of Fowles*, 222 N. Y. 222), and no reason exists why a like or similar intent of a testator may not also be effectuated by a substitutionary provision therefor.

It is a canon of construction of wills that words should be given their ordinary meaning. (*Matter of Farmers' L. & T. Co.*, 189 N. Y. 202.)

Since both died as the result of ailments which are generally regarded as serious illnesses, there remains, therefore, to be considered, only whether death occurred during a joint last illness, under the provisions of said paragraph " Third ". As an adjective, the term " joint " is defined as " united in, or having a common relation, action or interest " or as " sharing together with another ". The illnesses herein did not commence simultaneously, did not result from a common cause and were not of the same general nature.

The intent of a testator must be gathered, however, from the whole will (*Matter of Crouse*, 244 N. Y. 400), as viewed in the light of extrinsic circumstances existing at the date of execution. (*Matter of Hoffman*, 201 N. Y. 247.) The above-quoted portion of paragraph " Third " indicates an intent not only to make testamentary provision against the possibility of simultaneous deaths, but as well, under certain circumstances at least, against the contingency of deaths occurring about the same time. The provisions, therefore, do not import an intent merely to avoid the effect of an inability to determine who survived the other, for the sister of testatrix was not to share if death resulted from the same accident or disaster, no matter who survived. It is clear, therefore, that at least under some contingencies, the sister of testatrix was not to take even though she survived the testatrix.

It is not reasonable to assume that the testatrix desired a different testamentary disposition dependent upon the nature of the disease causing death. The limited time intervening **between their deaths** precludes the likelihood of any intermittent

recovery by the survivor during such period. Each shared with the other an illness which coexisted for a time and which continued until, and resulted in, death. The court therefore determines that the testatrix died as the result of a joint last illness with her said sister within the intendment of paragraph "Third" of the will.

The will is construed accordingly.

Settle decree.