### In the Matter of the Estate of FREDERICK MILLER, Deceased.

Surrogate's Court, Monroe County, May 20, 1947.

*C. F. Gilligan* for Carlotta H. Schwingel, petitioner.

*George W. Van Ingen* for Arthur L. W. Miller, respondent.

WITMER, S. On this compulsory judicial settlement proceeding a dispute has arisen over the amount of commissions to which the executor is entitled, which in turn depends upon whether certain provisions of the will herein constitute a specific or general devise or legacy. The will was admitted to probate in 1906. The two individuals named as executors in the will were appointed, and one of them, the respondent, is still serving. By paragraph " Second " of his will the testator made a specific bequest of his piano to two daughters, and by paragraph " Third " he specifically devised a house and lot to another daughter. In paragraphs " Fourth " and " Fifth " he gave to three children their indebtedness to him, and in paragraph " Sixth " he gave an annuity to his wife and made it a charge upon the income of his estate, but not a charge upon any lands. In the seventh and last-numbered paragraph, which itself contains seven unnumbered paragraphs, he provided in part as follows: " Seventh: All the rest, residue and remainder of my property and estate of every name and nature, whether real or personal, I do give, devise and bequeath unto my said executors in trust, nevertheless, for the following purposes: * * * The net rents from my block on Fulton Avenue, consisting of four connected dwelling-houses, being Nos. 46½, 48, 50 and 52, and the lot appurtenant thereto as now fenced in, until said block is sold, shall be paid by my executors to my three children, Amelia Miller, George Miller and Christina Miller; and I recom-

mend that provided said block continues to bring good rentals my executors do not sell the same immediately, but continue to hold the same until, in their judgment, a sale shall seem more desireable. On the death of either George, Amelia or Christina, said net rentals shall be paid to the survivors of said three. In case the said block of houses is sold in the lifetime of Amelia, George and Christina, the proceeds of such sale shall be invested by my executors and the income thereon paid to said three children and the survivors of them. But on the death of two of said three children, George, Amelia and Christina, the sale shall not be further delayed and the said proceeds of sale of said Fulton Avenue block shall then, at once, be divided and paid over by my executors to the survivor of said three and my children Catharine Herman, Albert Miller, Julius Miller and Arthur Miller, and the survivors of them, share and share alike, the children, if any, of any such child who shall have died before said division named in this clause to take the share in such proceeds which such deceased child would have had, in case said child had lived at the time of such division. * * * Subject to the provisions above made, I direct my executors to divide the remainder of my personal estate, and the remainder of the proceeds of my real estate sold by them, and the net remainder of rents received, and my residuary estate of every kind equally, share and share alike, among my said children, Amelia, George, Christina, Albert, Julius and Arthur Miller, and Catharine Herman, to whom I give the same."

The testator also expressly authorized his executors as such trustees to sell all real property except that devised in paragraph "Third", but recommended that they retain and manage it so long as it should yield good rental. He further authorized his executors to agree with the beneficiaries for a partition of lands instead of a sale and distribution of the proceeds thereof. Two of the three life beneficiaries of the income of the Fulton Avenue block have died, and the surviving executor-trustee has sold the block and is now accounting for the proceeds thereof as well as for other assets of the estate. It appears that he still has in his hands some undistributed rental income. He asserts that the will created a general devise or bequest of the block and its proceeds to the named beneficiaries, and that he is entitled to commissions for the management thereof and for distributing the proceeds of the sale. Petitioner claims that the testator made a specific devise or bequest of the block or its

proceeds to the beneficiaries and that the executor is entitled to no commissions thereon.

It is elemental that whether a testamentary gift is general, demonstrative or specific is determined by the intention of the testator as gathered from the will as a whole. (*Matter of Crouse,* 244 N. Y. 400, 404; *Matter of Brenner,* 169 Misc. 412, 419.) The provision in question is somewhat unusual in that in this " Seventh " paragraph all of the testator's tangible property, excepting the piano and house and lot mentioned in paragraphs " Second " and " Third ", was devised and bequeathed to his executors *in trust.* Then followed mention of the Fulton Avenue block and specific directions to the executors-trustees for its disposition, for life and in remainder. There was further provision for division of the residue of the testator's estate amongst the same seven persons who were named beneficiaries of the Fulton Avenue block, but such residue was made subject to the annuity to the testator's wife and upon her death to be divided equally amongst those seven children. A different treatment was therefore made of the true residue than was made of the block property and its proceeds.

It is not contended that there was an unlawful suspension of the power of alienation of the corpus of the trust because its duration depended upon two unspecified lives of three named beneficiaries, and the gift is valid. (*Looram* v. *Looram,* 269 N. Y. 296.) The said block is not, therefore, a part of the residuary estate, unless it be because it was placed with the general residuary provisions of paragraph " Seventh " of the will.

Although specific mention of property in a residuary clause does not necessarily make it a specific devise or bequest (*Matter of Crouse,* 244 N. Y. 400, *supra; Matter of Day,* 150 Misc. 691, 692), there can be no doubt that the testator meant to distinguish and set apart his Fulton Avenue block from the other remaining assets of his estate, and that it was a specific devise of such block to his executors in trust. (*Matter of Matthews,* 122 App. Div. 605; *Matter of. Terwilligar,* 142 Misc. 249, 254; 1 Bradford Butler on New York Surrogate Law and Practice, §§ 125, 126.) This view is confirmed by the fact that the provision lacks the necessary characteristics of a general or demonstrative gift. (*Crawford* v. *McCarthy,* 159 N. Y. 514, 518–520.) There is here no gift of any particular amount, payable out of the general assets of the estate, and there is no charge made upon the block of any particular gift. (*Matter of Smallman,* 138 Misc. 889,

899–903.) The gifts here are like those in the *Smallman* case (*supra*), where Surrogate WINGATE said at page 915: "They are express gifts of the whole or parts of separate and distinct things, namely, the remainders of the funds which the respective testators direct to be segregated from their estates as a whole, for the primary benefit of the life tenants, and by no possible interpretation of language can it ever be held that they are solvable from the general assets of the respective estates. * * * the fund is a thing apart from the general estate and in the ordinary case comes into the hands of a distinct fiduciary, namely, the trustee, and constitutes in essence an entirely separate estate." Accordingly, no commissions are payable on the Fulton Avenue property or its proceeds to the executor as such. (Surrogate's Ct. Act, § 285; *Schenck* v. *Dart*, 22 N. Y. 420, 424; *Matter of Fisher*, 93 App. Div. 186; *Matter of Terwilligar*, 142 Misc. 249, 254–255, *supra; Matter of Wing*, 184 Misc. 379, 381.)

Even if there were no trust created herein and title had vested in the beneficiaries instead of the executors in trust, with mandatory power of sale in the executors, it would be a specific devise (*Matter of Matthews*, 122 App. Div. 605, *supra*), and no commissions would be payable to the executors by virtue of the exercise of such mandatory power of sale. (*Matter of Dunigan*, 177 Misc. 212, 214–215.)

The executor, however, has performed his duties herein as trustee as directed by the will, and is entitled to trustee's commissions in respect of the rentals collected in the management of said block and the proceeds of the sale thereof for distribution. (*Matter of Smallman*, 138 Misc. 889, 915, *supra; Matter of Dunigan, supra.*) Such commissions, however, may not be had out of the general estate assets, but only out of the assets of such trust in the hands of the surviving executor-trustee. Moreover, income commissions which have not been taken by the executor-trustee may be had now only to the extent of income on hand for the particular years payable. (Surrogate's Ct. Act, § 285-a.)

Decree may be submitted in accordance herewith.