In the Matter of the Accounting of C. Frederick Marsh et al., as Executors of Cassie Bishop, Deceased.

Surrogate's Court, Seneca County, February 21, 1955.

*Philip Serling* for executors.

*Robert E. Horton,* special guardian for Zella M. Comstock and others, infants.

*James M. Ryan* and *Albert E. Bond* for Dorothy Fryer.

*Richard F. Fisher, Special County Attorney,* for Raymond Comstock.

BODINE, S. Paragraph fourteenth of decedent's will, which the court in this proceeding is asked to construe reads as follows: "All the rest, residue and remainder of my estate, real and personal wherever situate, including all property hereafter acquired, and also including my Claim Settlement Certificate #14031 with the Prudential Insurance Company, in the sum of $3000.00 and accumulations, I give, devise and bequeath equally among the following named: Methodist Home for Children, Williamsville, Erie County, New York; Waterloo Memorial Hospital, Waterloo, N. Y.; and St. Paul's Episcopal Church, Waterloo, N. Y."

Her general estate was not enough to pay the general legacies which preceded that paragraph and the question is whether this claim certificate is a specific legacy to the three named charities or is part of her general estate to be distributed to the general legatees. It is the rule that in the absence of an indicated intent to the contrary as to the order of abatement of legacies, a bequest of a residuum abates before general legacies, while general legacies yield to specific legacies. (*Matter of Crouse*, 244 N. Y. 400.) If she had referred to such claim certificate in only general terms, then she would not have excluded it from her general estate. It is, however, the opinion of this court that when she referred to the claim certificate by such artful language as she used, citing it by number and by name, that she did intend to exclude it from her general estate and make it a specific legacy to the named legatees. Nowhere else in the will does she refer to such claim certificate. What could she have meant by referring to it in such detail if she did not mean it to go where she said. The court accordingly holds that the claim certificate #14031 with the Prudential Insurance Company in the sum of $3,000 and accumulations, shall be equally divided between the Methodist Home for Children, The Waterloo Memorial Hospital and St. Paul's Episcopal Church.

Submit decree accordingly.