S. Samuel Di Falco, S.
The testator bequeathed his entire estate to his wife. A later paragraph of his will (par. sixth) provides: “In the event that my beloved wife * * * shall predecease me, or we die at the same time, or as a result of the same accident or disaster, or during a joint last illness, or under circumstances that are such that the order of our deaths cannot be ascertained with reasonable certainty, then and in any of such events, I give, devise and bequeath my residuary estate ” to others. (Emphasis added.) The decedent entered French Hospital on August 15, 1960, and he died there on August 29. The cause of death was pulmonary fibrosis which is conceded to be not related to cancer. The decedent’s wife entered French Hospital on September 11,1960 and she died on October 30. The cause of her death was cancer of the liver. The general guardian of infant alternate beneficiaries contends that the wife died “during a joint last illness” and that all of the decedent’s property passes under the sixth paragraph of the will.
*721 The term “ joint last illness ” is one that challenges definition. Strange as it may seem, it has appeared before in a will construction (Matter of Cashin, 182 Misc. 1). In that case two sisters died within five and a half hours of each other of different diseases. The learned Surrogate recognized that the facts would not bring the case within the literal meaning of the words “ joint last illness ”, but he construed the text of the will as indicating ‘ ‘ an intent not only to make testamentary provision against the possibility of simultaneous deaths, but as well, under certain circumstances at least, against the contingency of deaths occurring about the same time.” (p. 3.) He found that the ‘£ limited time intervening between their deaths preclude the likelihood of any intermittent recovery by the survivor during such period ” (pp. 3-4), and he held that the deaths occurred as the result of a joint last illness within the intendment of the pertinent paragraph of the will.
It is not uncommon for wills to provide for divesting of a legacy if the primary legatee and the testator should die contemporaneously or at “approximately” the same time. (See Matter of English, 275 App. Div. 148; “ Death at Same Time ”, Ann. 173 A. L. R. 1254.) The term “ joint last illness ” must have been intended to express a similar objective and to refer to deaths that occur so close together in point of time that the persons can be said to have been in extremis at the same time and thus to have suffered their last illness together. The words “ last illness ” have no settled meaning in law. With respect to “ chronic disorders, which make silent and slow, but sure and fatal approaches ”, it has been said that “ it is only in the very last stage and extremity of them ” can the disease be said to be within the intendment of a statute that permitted a nuncupative will to be made “ in the time of the last sickness of the deceased.” (Prince v. Hazleton, 20 Johns. 502, 515, 517.) In other context the words have been given a much broader meaning (see 24 Words and Phrases [Perm, ed.], pp. 290-291; 295-297), being interpreted always in the light of their setting and the general purpose and intent of the instrument in which they appear.
In the present case the testator’s wife was not incapacitated at the time of his illness or his death. The nature of her disease, however, is conceded to be such that it necessarily was advancing within her at the time that her husband was stricken. She survived him, offered his will for probate and received letters testamentary. In this connection, the later paragraphs of the will are significant. The seventh paragraph appoints the wife as sole executrix. The following paragraph reads: “In the event that my beloved wife * * * shall predecease me, or *722 we shall both die under circumstances as described in paragraph sixth of this Will, then and in that event, I appoint my friends * * * co-executors of this Will.” Obviously the testator himself was reading the sixth paragraph of his will as meaning simultaneous death or death of husband and wife within a very short interval of time.
The disease which the widow suffered sometimes brings death quickly and sometimes only after a very long period of suffering. To say that the widow would lose her entire legacy if the incipient stages of her disease should coincide with any part of her husband’s illness would be to deny her any benefit even though she lived for months or years after her husband’s death. Such a construction of the will would be inadmissible. In the testator’s plan it is not the nature of the disease or the period of its persistence that is important, but rather whether the death of the two should be so nearly simultaneous that when one died the death of the other was palpably imminent. It is not necessary to say how long a period must elapse before the condition loses its force. Here the deaths occurred more than two months apart. When the testator died, the survivor was not in her last illness within the meaning of this will. The gift to the wife was absolute and complete and the sixth paragraph does not become operative.