Joseph A. Cox, S.
This is a proceeding for construction of the Fifth article of the will of the testator in which he provided *1069 as follows: “eieth: In the event that my wife, eloeekce a. muiaee, and I shall die in a common accident or disaster, or under such circumstances that it is difficult or impractical to determine who survived the other, then I direct, for the purpose of this Will, that my wife shall be deemed to have predeceased me.”
There is no dispute that the testator and his wife were fatally injured in an automobile accident when the car in which they were traveling was struck by a truck. She survived his instantaneous death by a matter of three hours. If a legacy to Mrs. Muller of one half of the testator’s residuary estate is.defeated through the operation of the provisions of the quoted text, an alternative bequest to his three children will become effective and they will share equally the gift that otherwise would have passed to the widow. On the other hand, if the text in question does not have this effect, the legacy to her will become a part of her estate and will be disposed of in accordance with the provisions of her will. Under the latter instrument the bequest will pass to her daughter to the exclusion of the testator’s other two children by an earlier marriage.
It has been suggested that the purpose of the testator was to limit the quoted portion of his will to the single circumstance in which it might prove difficult, or impractical to determine survivorship, but in order to sustain such construction it would be necessary to read the phrase 11 or under such circumstances ’ ’ as “ and under such circumstances ”. The testator’s intention could be compressed into a single purpose only by such a substitute of ‘‘ and ’ ’ for ‘ ‘ or ’ ’. The will, as written, clearly attempts to meet two separate and distinct contingencies. The first is death of the testator and his wife in the same accident. The second is their nonviolent deaths at about the same time.
The length of time which elapsed between the death of the testator and the death of his wife, a matter of three hours, cannot be used to obscure the fact that both deaths occurred as the result of a common accident. This was one circumstance against which the testator was guarding in his apparent belief that, if his wife was not to survive long enough to derive actual benefit from his gift, his reserved right under his will would enable him to' dispose of the property to others (Matter of Cashin, 182 Misc. 1). Thus the logical inference to be drawn from the text under consideration supports the conclusion that it must be given its literal meaning. It is held that the gift to the wife of the testator was defeated and the alternative bequest to his three children takes effect.