In the Matter of the Estate of ANNIE M. GOOD, Deceased.

Surrogate's Court, New York County, August 11, 1932.

*Allan R. Campbell,* for the executors.

*Blackwell Brothers,* for the petitioners.

FOLEY, S.   I hold that all the legacies contained in the first five paragraphs of the will are specific legacies, and further that all the stock owned by the testatrix at the date of her death passed to the legatees under the third, fourth and fifth paragraphs of the will. (*Matter of Martin,* 252 N. Y. 582; *Matter of Security Trust Co.,* 221 id. 213; *Matter of Thompson,* 217 id. 111; *Crawford* v. *McCarthy,* 159 id. 514; *Matter of Mitchell,* 114 Misc. 370.)   That such was the intent of the testatrix is apparent from the language of the will. In specifically bequeathing the stock owned by her she employed the words " my stock " or " all my stock."   Her intention to specifically bequeath all the stock owned by her at her death is further established by the fact that the only place in the will where a definite number of shares is mentioned clearly shows that the number of shares then held was considered a tentative figure by the testatrix which could be increased or diminished as she saw fit. She bequeaths all her stock in a corporation stating, " the amount now held by me being fifty-one (51) shares."   In bequeathing one-third of this stock the following language is employed, " on the basis of my ownership of fifty-one (51) shares, of which the said one-third would be seventeen (17) shares."   Clearly the testatrix contemplated a change in the amount of stock in this corporation held by her, and it is evident that she wished all stock in this corporation which she owned at her death should pass under this paragraph.   The bequests of " all my stock " and " my stock " in the other paragraphs of the will evidence a similar intention to bequeath all the stock owned by her at the date of death.   Therefore, by the third, fourth and fifth paragraphs of her will the testatrix specifically bequeathed all the stocks which she owned at the date of her death in the corporations named therein.   (*Matter of Security Trust Co., supra; Matter of Thompson, supra.*)

If, as is alleged, the residuary estate is insufficient to pay debts and administration expenses, all the specific legacies must adeem proportionately, valued as of the date of the death of the testatrix. (*Duck* v. *McGrath,* 160 App. Div. 482; affd., 212 N. Y. 600.)   The dividends on the stock specifically bequeathed which have accrued since the death of the testatrix may only be applied to the deficiency with the consent of the legatees.

No commissions will be allowed the executors on the value of the specific legacies.   (Surr. Ct. Act, § 285; *Matter of Anable,* 139 Misc. 914; *Matter of Evans,* 104 id. 641.)

The question of construction raised by the general guardian as

to the disposition of a portion of the remainder should one of the life tenants predecease the other without leaving issue, is at the present time academic and will not now be decided. (*Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Von Bernuth*, 127 Misc. 705.)

Submit decree on notice in accordance with this decision.