In the Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM WATSON CASWELL and Others, as Executors, etc., of MARY B. CASWELL, Deceased.

WILLIAM WATSON CASWELL and Others, Individually and as Executors, etc., of MARY B. CASWELL, Deceased, Appellants; CHURCH PENSION FUND (GENERAL CLERGY RELIEF FUND) and Another, Respondents.

First Department, January 19, 1934.

*Charles Capron Marsh* of counsel [*Francis B. Hamlin* and *Rolph T. Marsh* with him on the brief; *Marsh, Spencer & Marsh*, attorneys], for the appellants.

*Logan Fulrath* of counsel [*Otis T. Bradley* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the respondent The Church Pension Fund.

*Richard N. Crockett* of counsel [*Francis Smyth* with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the respondent Sisterhood of St. Mary.

MARTIN, J. The decedent executed her will subsequent to September 1, 1930, the date upon which section 124 of the Decedent Estate Law became effective. She left a gross estate of $572,241.15. Under the terms of the will it was provided that certain money legacies were expressly preferred in order of payment, and it was provided that they were to be paid in full without any charge or deduction therefrom on account of any transfer or inheritance or other taxes.

By paragraph " thirtieth " of the will it was declared that if the estate is insufficient, after payment of debts and expenses of the funeral and administration, to pay in full all the legacies of money, all such legacies shall be reduced proportionately to their respective amounts and abated ratably, except the legacies bequeathed to Edward J. Foley, Nora Lardner and to each of the other servants in testatrix's employ for three or more consecutive years, which legacies shall be paid in full, without any deductions therefrom, before any other legacies of money are paid. The rest of that paragraph then reads: " and that after said legacies have been so paid in full or provided for, there shall be next paid in full or provided for before any other legacies of money are paid or provided for, the legacies of money bequeathed in this my Will to New York Eye and Ear Infirmary, Mercy Buloid Blauvelt, and to my nephew, William Watson Caswell, without any deductions or decreases therefrom excepting such as may be necessary in order to pay in full the said legacies of money herein directed first to be paid."

It is urged by the respondents that the above directions were rendered ineffectual by the thirty-first paragraph of the will. That paragraph provides as follows:

" *Thirty-first.* Anything herein to the contrary notwithstanding and whether or not in the case of any legacy I have specifically so directed or not it is my wish and I so direct that each legacy in this my will bequeathed, (excepting only the legacy of my residuary estate) shall be paid in full without any deduction therefrom on account of any transfer or inheritance or other taxes or on account

of any of the expenses of or connected with the administration of my estate and that all such taxes and expenses shall be paid out of my residuary estate."

When the testatrix died on August 27, 1931, the gross value of the estate was $572,241.15, and the aggregate of debts, administration expenses, taxes, etc., was $56,977.28. On this basis the net estate would have been sufficient to pay all specific, preferred and general legacies and leave about $50,000 for the residuary legatees. While the estate was being administered, it received an income of about $12,000, but suffered a loss in liquidation of securities of about $109,000, so that upon final distribution it was found that there was no residuary estate and that there must be an abatement of the general or unpreferred legacies.

The Federal and State taxes, amounting to $6,930.36, were paid by appellants out of the general estate funds. They also paid all the specific legacies and paid in full all but one of the preferred legacies. Fifty per cent of the general legacies were also paid. They then filed their account showing an undistributed balance which was insufficient by about $43,000 to pay the executors' commissions and expenses of the accounting and to complete the payment of the legacies which had been paid only in part.

On the accounting proceeding two of the beneficiaries appeared and set forth objections. One, the Sisterhood of St. Mary, a general legatee, contended that the burden of the taxes should be borne exclusively by the general or unpreferred legacies to individuals, the claim being made that legacies to religious or charitable organizations should be treated as exempt from any contribution. The other beneficiary, the Church Pension Fund, contended that all the legatees, preferred and general, except religious or charitable legatees, should bear the entire burden of the taxes. The surrogate held that all the legatees, except those designated religious and charitable, should bear the burden, and he surcharged the executors with that portion which he says should have been borne by the legatees who have been paid in full.

We believe that the decree so far as appealed from does violence to the express provisions of the will. The testatrix clearly expressed her intention that the legacies to her servants should be paid in full within *one month* after the probate of her will without deduction on account of any taxes or other administration expenses or for any other reason. The will then provided that after payment of the legacies to the servants, other preferred legacies were to be paid in full as soon as possible and without deduction of any taxes or other administration expenses or for any other reason and " whether or not my estate shall be sufficient to pay in full all the legacies by me bequeathed."

The surrogate held that the estate taxes should be prorated among all the legatees, including the preferred legatees, in accordance with the provisions of section 124 of the Decedent Estate Law. That section provides that, except where a testator otherwise directs, the taxes are to be equitably prorated among the persons interested in the estate to whom such proceeds shall or may be transferred, or to whom. any proceeds accrue.

The contention of the appellants is that the testatrix did otherwise direct in her will that certain legatees should not be charged with the tax and that it must; therefore, be paid by the general legacies or the residuary estate. There being no residuary estate, the tax must be paid by the general legacies. There are several reasons why that contention appears to be correct.

The direct provisions of the will as set forth above provide that certain legatees should be paid without " any deductions or decreases " therefrom. The provision that all taxes and all administration expenses should be paid out of the residuary estate contemplated that there would be a residuary estate, in which event all legacies would be paid in full, and hence no question would arise in reference to taxes. There being no residuary estate, that provision of the will has no application.

We must, therefore, look to the other provisions of the will in order to ascertain the intent of the testatrix. The fact that the testatrix in several instances provided that there should be no deduction from the legacies for any transfer or inheritance taxes is clearly a direction by the testatrix that she desired these legacies to be paid in full. Her intention is again emphasized by the fact that the legacies to her servants must be paid within one month after her death and without any deduction therefrom on account of transfer, inheritance or other taxes.

The direction made with reference to these legacies must be considered from the standpoint that there was no residuary estate. When so considered, it is necessary to wholly disregard the thirty-first paragraph of the will, with the result that the executors are required to pay in full the preferred legacies, and apportion the balance among the remaining unpreferred legacies.

Section 124 of the Decedent Estate Law, being applicable only in a case where the testator has failed to make a provision for the payment of taxes, has no application where the will provides that legacies must be paid in full within one month after the probate of the will " without any deduction," and where it also clearly provides that other specific legacies must be paid in full as soon as possible and without deductions of any taxes or other administration expenses, irrespective of whether the estate shall be sufficient to pay all the legacies bequeathed.

We are of the opinion that the preferred legacies should not be compelled to bear any of the tax burden; that the executors should not be surcharged with those taxes, and that in order to give effect to the intent of the testatrix we must follow the construction of the will contended for by the executors.

The decree should, therefore, be modified to that extent, and as so modified affirmed, with costs to the appellants.

FINCH, P. J., MERRELL, O'MALLEY and GLENNON, JJ., concur.

Decree so far as appealed from modified as indicated in opinion, and as so modified affirmed, with costs to the appellants. Settle order on notice.