In the Matter of the Estate of LENA P. VOELKER, Deceased.*

Surrogate's Court, New York County, December 6, 1935.

* See *Matter of Buck*, 158 Misc. 111; Id. 114; *Matter of Kaufman*, Id. 102.

*Herman C. Storck,* for the executors.

*William Kronenwett [Samuel Willig* of counsel], for John Philip Voelker, individually.

*Fraser, Speir, Meyer & Kidder,* for The Woodlawn Cemetery.

*Heywood & Benedict,* for The Society for the Relief of the Destitute Blind of the City of New York and Its Vicinity.

*Middlebrook & Sincerbeaux,* for the New York Institute for the Education of the Blind.

*Curtis, Mallet-Prevost, Colt & Mosle [E. H. Westerfield* of counsel], for the Lenox Hill Hospital.

*Stewart & Shearer,* for the New York Society for the Relief of the Ruptured and Crippled.

*Rounds, Dillingham, Mead, Neagle & Boyd,* for the New York Women's League for Animals (Speyer Hospital).

*Butler, Wyckoff & Reid,* for the Stuyvesant Square Hospital, formerly The New York Skin and Cancer Hospital.

*John T. Magan,* for the New York Foundling Hospital.

DELEHANTY, S. The proof presented in this accounting proceeding sufficed to establish that the legatee described in the will as " The Society for the Relief of the Destitute Blind " is The Society for the Relief of the Destitute Blind in the City of New York and Its Vicinity and that the legacy is payable to the latter organization.

In computing the maximum amount payable to charity the gift in the will of $3,000 to Woodlawn Cemetery for the perpetual care of decedent's grave is to be dealt with as a funeral expense and not as part of the charitable gifts. (Surr. Ct. Act, § 314, subd. 3; *Matter of Opdyke,* 230 App. Div. 290, 295; *Matter of Delafield,* 142 Misc. 536.)

The charitable gifts must not exceed one-half of the gross estate less debts only. On this basis the gift to charity may not exceed $55,943.76 of value as of the date of death.

The capital of the trust in which the husband has a life estate is to be computed after deducting debts, funeral and administration expenses and general and specific legacies. This method of computation establishes the value of the trust capital at $80,204.80. By applying a proper method of computation of the value of the husband's life estate in that fund and by valuing as of date of death the legacies in the sum of $3,500 payable out of the capital of the trust fund upon the husband's death, the deductions aggregate $17,042.61 and leave as of date of death an attempted gift to charity in the sum of $63,162.19. This attempted gift exceeds by $7,218.43 the permissible limit of gifts to charity.

Accordingly and in conformity with the procedure outlined in *Matter of Buck* (158 Misc. 111; Id. 114) the intestate property is to be ear-marked and at the end of the trust period is to be distributed to the estate of the husband of deceased unless he shall by assignment or by will make other disposition thereof. At that time also the principal of the legacies aggregating $3,500 will be due and payable. The balance will then be distributable to the charities named in the will.

Submit, on notice, decree construing the will and settling the account accordingly.