In the Matter of the Estate of LENA P. VOELKER, Deceased.

Surrogate's Court, New York County, February 14, 1941.

*Herman C. Storck*, for the surviving trustee.

*Francis J. Sypher*, for the objectants, as executors of John Philip Voelker, deceased trustee.

*Thomas J. McNamee*, special guardian for infants.

DELEHANTY, S. In this proceeding to settle the accounts of the sole surviving trustee of deceased two objections were filed by the executors of the deceased trustee who died May 10, 1940. Objection 1 has been marked withdrawn on the basis of a writing filed November 25, 1940. The second objection relates to the manner of disposition of a fund owned by the deceased trustee which came to him by reason of his exercise of his right under section 17 of the Decedent Estate Law to limit the amount of property which the deceased could bequeath to charity. The value of the deceased trustee's interest in the fund was fixed by decision of this court. (*Matter of Voelker*, 158 Misc. 97.) It was there stated and later embodied in a decree that the intestate property should be earmarked and at the end of the trust period should be distributed to the estate of the deceased trustee unless by assignment or by will he should make other disposition thereof. Subsequent to this determination the deceased trustee executed a codicil to his will which,

after reciting the decision mentioned above, disposed of the fund in question as follows: " I do hereby dispose of and devise and bequeath said sum in all respects in accordance with the terms and provisions of my said last will and testament so that the said sum or such portion thereof as may not be required for the purposes of paragraphs third and ninth of my said last will and testament (if any such portion thereof shall be so required) shall be distributed to the persons, in the proportions, and in every respect according to the terms of, paragraph tenth of my said last will and testament." By paragraph third of his will the deceased trustee made provision for payment of his debts and funeral expenses. By paragraph ninth thereof he bequeathed two legacies aggregating in value two dollars. By the tenth paragraph of his will he gave his residuary estate to named legatees in specified percentages.

The trustee proposes directly to distribute the particular fund owned by the deceased trustee in correct proportions to the legatees named in paragraph tenth of the deceased trustee's will. The deceased trustee's executors, on the other hand, ask the court to direct the accounting trustee to pay the money to them so that they in turn may apply it pursuant to the terms of the will. No claim is made that the deceased trustee has creditors or claimants for funeral expenses who cannot be satisfied from his assets apart from this particular fund over which he had the power which he exercised to make a disposition. Moreover, there is no claim made by objectants that the estate of the deceased trustee lacks the two dollars necessary to pay the legacies provided by paragraph ninth of his will.

Whether direct distribution can be made to the legatees of the deceased trustee by the accounting trustee depends in the first place on whether the deceased trustee made a specific bequest by the quoted text of his codicil. The deceased trustee there gave earmarked property, or so much of it as might remain after its application to payment of his debts, funeral expenses and two small legacies, to several legatees entitled to participate in the fund according to certain percentages. The circumstance that this fund might be diminished by the requirement that it should satisfy certain charges does not prevent a finding that a specific gift was made by the deceased trustee. All specific bequests are available if need be to satisfy creditors, for example, but such application of specific subject-matter to payment of debts which must otherwise remain unpaid would not destroy the specific character of a bequest which was otherwise unquestionably specific. For a specific legacy, furthermore, it is not requisite that its recipient shall be a single legatee. "A specific legacy is a bequest *of a specified*

*part* of a testator's personal estate *distinguished from all others of the same kind.*" (Italics supplied.) (*Crawford* v. *McCarthy*, 159 N. Y. 514, 519.) Such a legacy, " if specific, is lost, in case the subject of it is disposed of by the testator, or is extinguished by payment or otherwise in his lifetime." (*Giddings* v. *Seward*, 16 N. Y. 365, 367.) The fact that a bequest is subject to ademption is a conclusive indication that it is specific since neither demonstrative nor general legacies are adeemed. (*Walton* v. *Walton*, 7 Johns. Ch. 258, 262; *Beck* v. *McGillis*, 9 Barb. 35, 56; *Ametrano* v. *Downs*, 62 App. Div. 405, 408; affd., 170 N. Y. 388; *Matter of Brann*, 219 id. 263, 268.) It cannot be doubted that the particular fund disposed of by the codicil of the deceased trustee might also have been assigned by him in his lifetime. Had he made such assignment after execution of his codicil ademption of this gift would have been the necessary consequence. Any doubt which might arise as to whether the gift here was demonstrative or specific owing to the fact that the fund was subjected to possibility of payment of the charges in the third and ninth paragraphs of the deceased trustee's will are removed by consideration of the fact that any specific bequest may find itself used in suitable circumstances to satisfy charges. Any doubt concerning the character of this bequest arising from the fact that the legatees are numerous and must divide the gift according to a formula is eliminated by one of the holdings of the court in *Crawford* v. *McCarthy* (*supra*). The testatrix there at the time of making her will had $1,800 on deposit in a bank. " Out of this fund she directs her daughter to pay to her son William the sum of $1,500. It will be observed that there is no general bequest of the sum of $1,500, but that his right thereto rests solely in the direction to the daughter to pay him that sum and that payment is to be made out of the particular fund * * *. It is contended that this direction to pay William is a demonstrative legacy. We do not so understand it. As we have seen, two elements are necessary in order to constitute such a legacy. There must be first, a bequest in the nature of a general legacy, and, second, it must point to a fund out of which the payment is to be made, partaking of the character of a specific legacy. But one of these elements is present in this case, and that is the one directing the payment to be made out of a particular fund. We think, therefore, it is a specific legacy."

Here, too, there is no bequest made in the nature of a general legacy. The deceased trustee merely directs payment to certain legatees of shares in a particular fund. Consequently the gift is specific.

There remains the question whether the executors are entitled to obtain this specifically bequeathed property. " An executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed. He holds not in his own right, but as a trustee * * *. As to the chattels and choses in action specifically bequeathed, an executor has but a qualified title, the right to apply them in discharge of debts after first exhausting all other property applicable to that purpose." (*Blood* v. *Kane*, 130 N. Y. 514, 517.) The executor's title to specifically bequeathed personalty and his right to possession of the subject-matter of the bequest are connected with outstanding prior claims against the *res*. As has been shown above, the executors of the deceased trustee have made no showing in this proceeding that there are any such outstanding claims. Under the circumstances the executors have no right to the fund. Objection 2 to the account is accordingly overruled.

Submit, on notice, decree settling the account accordingly.