In the Matter of the Estate of EDITH T. MARTIN, Deceased.

Surrogate's Court, New York County, April 18, 1941.

*Herbert M. Teets*, for the Fifth Avenue Bank of New York, as executor, etc., petitioner.

*McPike & Zimmer*, for Edyth McCoon, as executrix, etc., petitioner.

*Poses, Katcher & Driesen*, for Mulford Martin, Jr., respondent.

*Anderson, Gasser, Ferris & Anderson*, for the Green-Wood Cemetery, respondent.

*John F. Keating*, special guardian.

FOLEY, S. This is an application for a construction of the will. The primary question to be determined is whether or not the general legacies are a charge on the real property not specifically devised.

The testatrix died on October 2, 1939. Her will was executed on June 14, 1935, and a codicil thereto on December 3, 1935.

The will makes various specific legacies and devises and then provides for general pecuniary gifts either outright or in trust amounting to $165,000. It is conceded that the personal property and the real property not specifically devised will be insufficient to pay the general legacies in full. There will thus be an abatement of the general legacies whether or not they are a charge on the real property.

The determination of this question is governed by the intention of the testatrix as ascertained from the language of the will and the circumstances surrounding its execution.

Intrinsic in the will itself are numerous indications that the testatrix intended that the general legacies should be a charge on the realty not specifically devised. The language employed by the testatrix clearly indicates her intention to blend the realty and personalty together so as to make both subject to the payment of debts, taxes and general legacies. This significant language is found:

(1) In the direction that the estate taxes should be paid from the residuary estate.

(2) In the authorization to the executors to defer the setting up of the trusts or the payment of general legacies provided income at the average rate earned by the estate be paid to the beneficiaries and legatees.

(3) In the authorization to mortgage, exchange or sell the realty.

(4) In the authorization to lease the realty.

(5) In the plenary power conferred on the executors to retain the real estate as an investment and to partition the real estate among the various beneficiaries with full power to value the realty distributed in kind.

The preponderance of these indications of the intention of the testatrix requires a construction of the will to the effect that the general legacies are a charge on the real property. (*Carley* v. *Harper*, 219 N. Y. 295; *Matter of McGowan*, 134 Misc. 409; affd., 228 App. Div. 779; affd., 254 N. Y. 513; *Matter of Breslin*, N. Y. L. J. Feb. 9, 1935, p. 727; affd., 246 App. Div. 591; *Matter of Tiffany*, 157 Misc. 873; *Matter of Lilienthal*, 139 id. 225.)

The extrinsic evidence adduced at the hearing sheds little light on the intention of the testatrix. As far as can be ascertained from the meager evidence submitted there was no substantial change in the nature of the assets owned by the testatrix between the execution of the will and codicil and the date of her death. This slight evidence supports rather than diminishes the probative value of the language employed in the will by the testatrix.

I accordingly hold that the real property not specifically devised is subject to the payment of the pecuniary bequests.

In view of this determination as to the right of the general legatees to resort to the realty for payment, a secondary question is raised as to the source of payment of the estate taxes.

The will directs that the estate taxes be paid from the residuary estate. As there will be no residuary estate this provision cannot be given effect. (*Matter of Caswell*, 239 App. Div. 695.) Under such circumstances the provisions of section 124 of the Decedent Estate Law are applicable and the estate taxes must be equitably apportioned among the various legatees. (*Matter of Halsted*, 174 Misc. 292; affd., 261 App. Div. 892.)

Submit decree on notice construing the will accordingly.