In the Matter of the Estate of CIPRIANO ANDRADE, JR., Deceased.

Surrogate's Court, New York County, October 1, 1941.

*Larkin, Rathbone & Perry*, for the executors and trustees, petitioners.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Logan Fulrath*, of counsel], for the Guaranty Trust Company of New York, as trustee, respondent.

FOLEY, S. Objections have been filed to the account which raise the question as to whether the inheritance and estate taxes shall be apportioned between a testamentary trust and an *inter vivos* trust established by the decedent. The trustee of the latter trust, through its attorneys, contends that under the terms of the will and codicil its fund was exonerated from contribution. The objections are overruled.

In substance and in effect the provisions of the codicil directed the payment of the taxes out of the residuary estate. Because of a deficiency of assets there is no residue. The executors correctly contend in this situation that the balance of the estate taxes must be paid proportionately by the *inter vivos* trust and the testamentary trust. " There being no residuary estate, that provision of the will has no application." (*Matter of Caswell*, 239 App. Div. 695, 698.) The statutory method for the equitable apportionment and charging of the taxes directed by section 124 of the Decedent Estate Law thus becomes operative. (*Matter of Caswell, supra; Matter of Halsted*, 174 Misc. 292; affd., 261 App. Div. 892; *Matter of Martin*, 176 Misc. 805.)

The testamentary trust was composed of securities particularly described by the testator. In effect, therefore, it constituted a specific legacy in trust. He contemplated that the other assets of his estate would be sufficient to pay funeral and administration expenses, debts and taxes. The actualities of the estate have made this plan impossible of accomplishment. Further justification of the conclusion that the terms of section 124 must be applied is found in the language of the codicil in which the testator treated the *inter vivos* trust and the testamentary trust with equal consideration. If the other assets in his estate were sufficient, he directed that no part of the taxes be paid out of these funds. When the deficit in general assets to meet the taxes occurred, equality of treatment of both funds was again intended and each fund was subjected to its equitable share of the taxes. Discrimination against one or the other was forbidden by the testator. The method of apportionment set forth in the affidavit amending the account is approved by the surrogate and payment of the proportionate share of the taxes is directed to be made by the *inter vivos* trustee.

It is argued by counsel for the trustee of the *inter vivos* trust that all of the three remaindermen of the testamentary trust have consented that there be no apportionment and that all of the taxes be charged out of the principal of the testamentary trust. The mother of the remaindermen, the first wife of the testator, is the life beneficiary of the *inter vivos* trust. The second wife of the testator, who

is his widow, is the life beneficiary of the testamentary trust. The second wife has not consented to the payment of the taxes exclusively out of the trust fund created for her benefit by the will. The argument of counsel is without foundation because of the elementary law applicable to the administration of an estate and especially of a trust. A beneficiary may consent to the diminution or release of his own rights. He cannot in any way affect or reduce by admission, acquiescence or consent, the rights of other persons interested in the estate. (*Matter of Myer*, 184 N. Y. 54; *Matter of Kennedy*, 167 id. 163.) Moreover, the courts, even in the face of the consent of all of the persons interested, may not destroy or impair the principal of a valid trust. (*Matter of Wentworth*, 230 N. Y. 176; *Metcalfe v. Union Trust Co.*, 181 id. 39, 48; *Douglas v. Cruger*, 80 id. 15; *Matter of Hanna*, 155 Misc. 833.) The consent, therefore, of the remaindermen to the payment of a charge out of the principal cannot bind the non-assenting life tenant.

While the widow here has taken no position, the executors were bound to safeguard her interests by asserting the duty to apportion the taxes out of the respective funds. If such taxes were paid exclusively out of the testamentary trust, and the *inter vivos* trust freed from contribution, the income of the widow would be improperly and unlawfully reduced. Such an unjust result may not be countenanced even upon the ground of expediency or alleged sentiment for the first wife.

I specifically hold that the agreements of the widow of the decedent in respect of the *inter vivos* fund are not a bar to an equitable apportionment.

Submit decree on notice settling the account accordingly.