In the Matter of the Estate of LUCIA B. WING, Deceased.

Surrogate's Court, New York·County, July 27, 1944.

*William De Forest Manice* and *Albert B. Maginnes* for Morgan Wing, Sr., and another, executors, petitioners.

*Hamilton McInnes* for State Tax Commission, respondent.

FOLEY, S.   The executors appeal from the *pro forma* order of January 19, 1944, fixing the estate tax on the appraiser's report.  The ground of appeal is that the appraiser erroneously disallowed a deduction for executors' commissions upon the

value of certain legacies passing under articles " Second " and " Third " of the will of the testatrix.

The appeal is denied.

The decedent died a resident of this county on December 24, 1942. In the return filed with the appraiser, the executors claimed a deduction " for executor's commissions (2 full commissions) " in the sum of $15,415.44. The appraiser granted a deduction for two commissions but in the reduced amount of $6,081.96. This was done upon the theory that the gifts under articles " Second " and " Third " of the will were specific legacies upon which no commissions were allowable.

Although the assignment of error in the notice of appeal is broad enough to include both paragraphs of the will, the executors confine the argument on the appeal to the gift under article " Third." They must be deemed, therefore, to have abandoned any contention with respect to article " Second " of the will. That article reads as follows: " I give and bequeath all my jewelry, clothing, furniture, books, silver, pictures and other personal and household effects together with any automobile or automobiles I may own at the time of my death to my husband, Morgan Wing, Sr., to be his absolutely * * *.''

Regardless of any question of abandonment of the appeal in respect of this paragraph of the will, I hold that the gift passing under its terms is clearly a specific legacy. (Crawford v. McCarthy, 159 N. Y. 514; Matter of Columbia Trust Co., 186 App. Div. 377; Matter of Utica Trust & Deposit Co., 148 App. Div. 525; Matter of Tailer, 147 App. Div. 741, affd. 205 N. Y. 599; Matter of Juilliard, 103 Misc. 178; Matter of Link, 182 Misc. 966.)

Article " Third " of the will, upon which the executors base the other ground of appeal, provided: " In the event that my husband, Morgan Wing, Sr., shall survive me, I give, devise and bequeath to my trustees, hereinafter named, or such of them as may qualify, One hundred fifty-five thousand seven hundred ($155,700) Dollars par value Burton Fifth Avenue Corporation 7% debenture bonds due 1957, 68 5185/10,000 shares Burton Fifth Avenue Corporation Class B, common stock, all Class B preferred stock of Burton Fifth Avenue Corporation which I may hold at the time of my death, and all the rest, residue and remainder of my estate, * * * in trust, however, to divide the same into two equal parts or shares * * *.''

I hold that the gift under this paragraph of the will is unquestionably a specific legacy. It is significant that the testatrix owned at her death the exact amount of Burton bonds and

common stock mentioned in this paragraph of the will. (*Matter of Security Trust Co.,* 221 N. Y. 213, 221; *Matter of Brewster,* 144 Misc. 888; *Matter of Strasenburgh,* 136 Misc. 91; *Matter of Mitchell,* 114 Misc. 370.) Her intention to make a specific bequest of the securities becomes apparent from an examination of other paragraphs of the will. Under article " Sixth " she named her husband and a trust company as trustees. Under article " Seventh," the testatrix directed that " the individual co-trustee   *   *   *   shall have the exclusive right to control and direct the retention, sale or other disposition of securities of the Burton Fifth Avenue Corporation held in trust   *   *   * and the corporate trustee shall not sell or otherwise dispose of such securities   *   *   *   except pursuant to the directions of the individual co-trustee   *   *   *.'' It is thus clearly evident that her intention was that these specific securities, all of which were closely held, should make up part of the trust corpus and that they should be retained as such until her husband should direct otherwise. Where a will " upon its face, fairly discloses the intention of the testator to make a specific bequest,'' the intention must control and the legacy must be held specific. (*Matter of Security Trust Co., supra,* p. 220; *Matter of Sanborn,* 180 Misc. 122; *Matter of Dunigan,* 177 Misc. 212, 214; *Matter of Burr,* 175 Misc. 725, 730; *Matter of Willets,* 173 Misc. 199, 201; *Matter of Mitchell, supra.*)

As executors' commissions are not allowable upon specific legacies, the appraiser properly denied the claimed deduction. (Surrogate's Ct. Act, § 285; Tax Law, § 249-s, subd. 1; *Schenck v. Dart,* 22 N. Y. 420, 424; *Matter of Whipple,* 81 App. Div. 589; *Matter of Fisher,* 93 App. Div. 186; *Matter of Lester,* 172 App. Div. 509; *Matter of Good,* 145 Misc. 431; *Matter of Dunigan, supra.*)

The executors further contend that even if the gift of the securities is a specific legacy, they are nevertheless entitled to commissions because they had " executorial functions to perform in connection with the stocks.'' This contention is unsound and is overruled. " The construction heretofore given to this section [§ 285] has been that executors are not entitled to commissions upon specific securities   *   *   *   bequeathed in trust, in advance of their conversion into money.'' (*Matter of Wanninger,* 120 App. Div. 273, 274, affd. 190 N. Y. 527; citing *McAlpine et al.* v. *Potter et al.,* 126 N. Y. 285; *Phoenix et al.* v. *Livingston et al.,* 101 N. Y. 451; *Robertson* v. *de Brulatour,* 188 N. Y. 301, 316.) The authorities cited by the executors in support of their contention are clearly distinguishable. They

involved general, not specific, bequests. Thus, in *Matter of Fisher* (93 App. Div. 186, 189, *supra*), the case upon which the executors chiefly rely, the Court very carefully pointed out that the bequest there involved " partakes more nearly of a general and also of a demonstrative legacy than of a specific legacy."

The appraiser's disallowance of the claimed deduction was correct.

Submit order on notice denying the appeal accordingly.