In the Matter of the Accounting of J. FRANCIS LINES, as Executor of FRED C. ANSLINGER, Deceased.

Surrogate's Court, Wayne County, August 30, 1945.

*J. Francis Lines*, as executor, petitioner in person.

*Augustus C. Nelson* for Clara E. Mathias, legatee, respondent.

BRASSER, S. This is an application upon the judicial settlement of the executor's account for a construction of paragraph "3" of decedent's will. Such paragraph reads as follows: "I give and bequeath to my cousin, Clara E. Mathias, residing in Miamisburg, in the State of Ohio, any moneys, funds or investments with the Mutual Federal Savings and Loan Association of Miamisburg, Ohio and with the Miamisburg Building and Loan Association. It is my understanding that the moneys or investments which I have with the said Mutual Federal Savings and Loan Association and with the Miamisburg Building and Loan Association are now so held by them, respectively, that, in the event of my death and upon my death, the said funds will pass to the said Clara E. Mathias without any further trans-

fer from me, but, in the event that such is not the case, I now by this, my will, give and bequeath the funds above mentioned to the said Clara E. Mathias. And in the event that said funds should not pass to the said Clara E. Mathias under the arrangements already made, and should the said Clara E. Mathias not survive me, I give and bequeath the said funds mentioned in this paragraph, to her sister, Josephine.''

The will was executed March 1, 1941. The account, as filed, shows that the decedent received $566.88 from his '' investments '' with the Miamisburg Building and Loan Association and $2,828.63 from his '' investments '' with Mutual Federal Savings and Loan Association of Miamisburg, Ohio, totaling $3,395.51. The latter amount was deposited on July 25, 1941, in the Lincoln-Alliance Bank, Newark, New York, branch. It is agreed by all interested parties that the money so deposited was the total received by decedent from the two associations. At the time of his death his account showed a balance of $3,099.26.

The court is asked to determine whether the gift to Clara E. Mathias is specific, general or demonstrative.

Certain well-defined rules have been formulated by the courts with respect to the nature of testamentary gifts. The court, in *Crawford* v. *McCarthy* (159 N. Y. 514, 518–519) defined the various forms of legacies as follows: '' A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind. A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind. A demonstrative legacy is a bequest of a certain sum of money, stock or the like, payable out of a particular fund or security. For example, the bequest to an individual of the sum of $1500 is a general legacy. A bequest to an individual of the proceeds of a bond and mortgage, particularly describing it, is a specific legacy. A bequest of the sum of $1500 payable out of the proceeds of a specified bond and mortgage, is a demonstrative legacy. A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate.''

Applying these rules to the present case, it appears that only one of the elements necessary to establish a demonstrative legacy exists. The will unequivocally designates the fund from which the payment is to be made. There are, however, no general bequests of definite amounts to be paid to the legatee. The legacy is not, therefore, a " demonstrative legacy." Nor under this rule is it a general legacy, since it is not a " gift of personal property by a will * * *, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind." (*Matter of Kilborn,* 166 Misc. 627; *Crawford* v. *McCarthy, supra.*)

The will contains no express terms of preferment indicating that the legatee was to receive the " moneys, funds or investments " in any event.

" Where * * * the testator has used such language as, ' my shares,' or any other equivalent designation, it has been held sufficient * * * [to] make the bequest specific." (*Tifft against Porter,* 8 N. Y. 516, 518.)

A specific legacy has been defined as " A gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing." (*Matter of Matthews,* 122 App. Div. 605, 607; *Matter of Voelker,* 176 Misc. 362.)

If the property specifically bequeathed is lost, destroyed or aliened by the testator before his demise, the specific legatee takes nothing. (*Matter of Smallman,* 138 Misc. 889.)

When a legacy, by its terms, indicates a particular part of the testator's estate, it is specific; otherwise general. (*Tifft against Porter, supra; Ga Nun* v. *Palmer,* 159 App. Div. 86; *Matter of Klatte,* 92 Misc. 651.)

And again, " A specific legacy is a bequest of a specific part of testator's personal estate distinguished from all others of the same kind." (*Matter of Corey,* 133 Misc. 199, 200; *Crawford* v. *McCarthy, supra.*)

" If it is an express gift of the whole or a portion of a segregated item or portion of the estate, it is not a demonstrative, but a specific gift." (*Matter of Smallman, supra,* p. 903.)

Applying the rules, long since firmly established, to the legacy in question, I hold that the legacy is specific.

Counsel for Clara E. Mathias contends that it was the intention of the testator that she receive the legacy in any event, citing the phraseology of the will wherein testator directed that " in the event of my death * * * the said funds will pass to

the said Clara E. Mathias without any further transfer from me, but, in the event that such is not the case, I now by this, my will, give and bequeath the funds above mentioned to the said Clara E. Mathias." The court cannot agree with this conclusion. Rather, it appears that the testator expected that said " funds " would automatically pass to Clara E. Mathias upon his death. He went no further, other than to repeat his bequest to her. Had he desired that she receive the " funds " or the *proceeds* thereof, in the event he subsequently liquidated his holdings, he could have easily so provided. It is not sufficient to sustain the legacy, merely to trace the funds to decedent's bank account.

The principles of law respecting the ademption of specific testamentary gifts are well established. " *Ademption* * * * takes place, as the term imports, when the thing which is the subject of the legacy, is *taken away*, so that when the testator dies, though the will purports to bestow the legacy, the thing given is not to be found to answer the bequest. It has been extinguished, if a specific debt, by having been paid to the testator himself; if an article of property, by its sale or conversion." (*Beck* v. *McGillis*, 9 Barb. 35, 56–57.)

The property described in the will as " moneys, funds or investments " in the two associations has ceased to exist. The exact thing given cannot be passed on to the legatee. (*Newton* v. *Stanley*, 28 N. Y. 61, 64; *In Re Farber's Will*, 53 N. Y. S. 2d 886.)

" In the absence of statute there is no power in the courts to * * * turn over the balance of the proceeds derived from the sale of the specific property to the legatee in place of the particular thing intended to be given." (*Matter of Ireland*, 257 N. Y. 155, 158.)

It is unquestioned that the ademption of the legacy is most unfortunate for the legatee. The rules, nevertheless, must be followed, " without regard to the intention of the testator, or the hardship of the case." (*Beck* v. *McGillis, supra*, p. 59.)

Submit decree accordingly.