In the Matter of the Accounting of ESTHER ZIMTBAUM et al., as Executors of NATHAN ZIMTBAUM, Deceased.

Surrogate's Court, Kings County, May 21, 1954.

*Carb, Reichman & Luria* for executors, petitioners.

*Maurice Bernhardt,* special guardian.

*Rachlin & Migdal* for Virginia R. Owens and others, objectants.

*Joseph A. Shields* for Rose B. Le Vantine and another, respondents.

RUBENSTEIN, S.  The executors in their accounting have submitted for solution several problems created by the estate's administration.

The testator left him surviving a widow and two adult sons. The will specifically bequeaths to them in equal shares, testator's shares of stock in a closed corporation.  This is followed by general legacies, totaling $62,000, the largest in the sum of $20,000 is bequeathed to the widow, while the remaining legacies to daughters-in-law and other relatives are in amounts varying from $1,500 to $5,000.  Payment of all estate and inheritance taxes is directed to be made out of the residuary estate.

The balance on hand is insufficient to pay the debts and administration charges, the personal claim of one of the executors, widow's allowance, commissions, general legacies and the taxes, thereby creating the problems presented.

Residuary bequests abate before general legacies while general legacies yield to specific legacies (*Matter of Crouse,* 244 N. Y. 400, 403; *Crawford* v. *McCarthy,* 159 N. Y. 514; *Matter of Title Guar. & Trust Co.,* 195 N. Y. 339, 343; *Matter of Markey,* 125 N. Y. S. 2d 246).  There being no residuary estate, the residuary provisions of the will have no application (*Matter of Caswell,* 239 App. Div. 695, 698).  General legacies will abate prorata except where there is found in the will sufficient intent to provide a preference (*Matter of Niel,* 238 N. Y. 138).  This will fails to provide in specific language an intent to give such preference to any of the general legatees.  The court finds there is no preference among the general legacies and all legacies abate prorata.

Since the will's residuary provision for tax exoneration is ineffective, the statutory method for equitable apportionment of taxes provided by section 124 of the Decedent Estate Law, in effect at the testator's death, will govern (*Matter of Caswell, supra; Matter of Halsted,* 174 Misc. 292, affd. 261 App. Div. 892; *Matter of Martin,* 176 Misc. 805; *Matter of Franciscus,* 116 N. Y. S. 2d 652), and the widow is to receive proper allowances for her statutory exemptions with respect to estate taxes payable to the State of New York and for the marital deductions

on the inheritance taxes payable to the Federal Government (*Matter of Peters,* 204 Misc. 333, 339, affd. 275 App. Div. 950).

The executors request that they be allowed commissions on shares of specifically bequeathed stock which were redeemed by the issuing corporation and the proceeds of such redemption applied in payment of the apportioned tax liabilities for these gifts.

Specific bequests operate as conveyances to the donees as of the date of the testator's death (*Barber* v. *Terry,* 224 N. Y. 334, 339; *Matter of Voelker,* 176 Misc. 362, 365; *Matter of Dunigan,* 177 Misc. 212) and no commissions are payable thereon (*Matter of Wing,* 184 Misc. 379, 381; *Matter of Dreyfus,* 192 Misc. 509).

The executors, when acting for strangers, if required to sell specifically bequeathed assets, act as the agents for the donees upon whom the statute imposes the obligation for the tax payment. The executors in this proceeding are likewise the donees of the specific legacies.

The corporation in which the testator held these specifically bequeathed shares was a closed corporation, and wholly dominated and controlled by him. This corporation redeemed 500 shares of the testator's stock out of its capital surplus to meet the donees' tax commitments. It appears that all of the corporate assets, including its cash surplus, save for the possible rights of creditors, were subject to the testator's disposition as if they were in fact possessed and retained by him. The corporate directorate now consists wholly of members of the testator's close family and they continue to exercise the same dominion and control over these assets. The redemption of the shares of stock under these circumstances created no active duty of administration entitling the executors to commissions (cf. *Matter of Dunigan, supra*). The executors cannot justify the anomalous position of receiving commissions for the payment of taxes, which they as donees are personally obligated to pay. To permit such commissions would in this instance result in the further abatement of general legacies, and impose added administration charges for services which the executors performed in fact for themselves. The court under the circumstances denies the request for commissions on the sale of the specifically bequeathed shares of stock.

The personal claim of the executor is allowed in the sum of $655.33. The balance of the claim is disallowed since the court believes such sums were advanced without expectation of repayment (*Matter of Basten,* 204 Misc. 937).

The widow is entitled to the statutory exemption of $300 provided for in subdivision 4 of section 200 of the Surrogate's Court Act, in effect at the time of the testator's death even against the provisions of the testator's will (*Matter of Barrows,* 204 Misc. 339, 342).

Submit decree, on notice, accordingly.