In the Matter of the Accounting of ARNOLD SCHWARTZ, as Executor of ALBERTA BEAUDRY, Deceased.

Surrogate's Court, Kings County, September 8, 1954.

*Arnold Schwartz,* as executor, petitioner in person.

*Joseph S. Scheinberg,* special guardian for George Beaudry, Jr., an infant.

RUBENSTEIN, S.  As incidents to an executor's accounting, the court is requested to fix an attorney's fee in accordance with section 285 of the Surrogate's Court Act, to issue letters of trusteeship, to construe paragraph "Second" of the testatrix' will, and to allow a personal claim of the executor.

The provisions of the first paragraph of the will contain directions for the payment of "funeral expenses and just debts," while by the second paragraph, the testatrix bequeathed to a daughter "my cocktail ring and cocktail watch which are now in pawn." The fiduciary redeemed the pledged items named in the said second paragraph, which included a "diamond studded wedding ring," and repaid the amount loaned on the three items together with interest thereon.

Incident to the construction, the court is required to determine if the testatrix intended to give the "wedding ring," the third item redeemed, to the daughter named in paragraph "Second"; and if the interest paid to redeem the pledges is chargeable to the estate.

Where a specific bequest of personal property is subject to a pledge, such pledge is to be paid by the legatee unless there is a testamentary direction to the contrary; and where such personal property is pledged with other property, the property so bequeathed shall bear its proportionate share of the total lien or pledge (Decedent Estate Law, § 20; *Matter of Searles,* 82 N. Y. S. 2d 219). A general provision for debt payment is not a direction that a lien or encumbrance on specifically bequeathed personalty shall be discharged by the executors (*Matter of Ide,* 120 N. Y. S. 2d 650, 652). Specific bequests operate as conveyances to the donees as of the date of death (*Matter of Zimtbaum,* 206 Misc. 432, 434, and cases cited). Interest on the apportioned share of the pledge must, therefore, be borne by the donee until the time of the gift's redemption. Intent must only be determined where the intent is not clearly expressed (*Matter of Bisconti,* 306 N. Y. 442, 445). The language of the gift provided in the construed paragraph is clear and explicit, and there is no basis for extending the gift beyond the items named.

The request for the personal allowance of the fiduciary's claim is denied without prejudice to his right to submit proof in respect to it in accordance with section 212 of the Surrogate's Court Act prior to the submission of the decree herein.

The attorney's fee for all services herein to include the entry of the decree and distribution thereunder is fixed at $500.

The application for the appointment of the trustee is granted as prayed for.

If the parties are unable to agree upon the values to be assigned to the specific items, the court will designate an appraiser.

Submit decree, on notice, accordingly.